## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **KEVIN NELMES**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**GREATER NAPLES FIRE RESCUE DISTRICT**, a political subdivision of the State of Florida,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:21-cv-722**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEVIN NELMES** ("NELMES" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## INTRODUCTION

1.      This is an action brought under the federal False Claims Act (FCA) and Florida's Public Whistleblower Act (PWA) for (1) retaliation in violation of the FCA, and (2) retaliation in violation of the PWA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## PARTIES

5.     Plaintiff, **KEVIN NELMES** ("**NELMES**" or "Plaintiff") is an individual who has at all relevant times been domiciled in Collier County, Florida and was employed by the Defendant.

6.     Defendant, **GREATER NAPLES FIRE RESCUE DISTRICT** ("**GNFRD**" or "Defendant") is a political subdivision of the state of Florida with a principal place of business located in Naples, Florida. The Defendant employs is an employer under the FCA and PWA.

## GENERAL ALLEGATIONS

7.     The Plaintiff was employed by the Defendant as its Division Chief of EMS.

8.     The Plaintiff began his employment with the Defendant on October 20, 2003.

9.     The Plaintiff always performed his assigned duties in a professional manner and was very well qualified for his position.

10.     The Plaintiff always met and exceeded performance goals and always received very good to excellent performance reviews prior to engaging in statutorily protected conduct.

11.     The Defendant received monies through the CARES Act for the designated purpose of purchasing Personal Protective Equipment and for personnel costs associated with COVID 19.

12.     In order to lawfully receive and retain CARES Act monies, the Defendant was obligated to use such funds solely for the designated purpose of purchasing Personal Protective Equipment and for personnel costs associated with COVID 19.

13.     On or about April 14, 2021, the Plaintiff learned that the CARES Act monies received by the Defendant had not been used for the designated purpose and that there was money that was unaccounted for.

14.     Accordingly, shortly thereafter, the Plaintiff sent a signed, written complaint to the Defendant's Deputy Chief attempting to stop the misappropriation of the CARES Act monies.

15.     The Defendant's Deputy Chief had the authority to investigate, police, remedy or recommend corrective action as to the Defendant's failure to use the CARES Act monies for their designated purpose.

16.     However, the Defendant's Deputy Chief did not investigate the Plaintiff's complaint.

17.     Instead, just a week later after the Plaintiff's signed, written complaint attempting to stop the Defendant's misappropriation of CARES Act monies, the Defendant opened an internal affairs investigation against the Plaintiff, before ultimately terminating his employment.

18.     As a direct and proximate result of objecting to and filing a complaint regarding the Defendant's violations of law, which included the Defendant fraudulently obtaining and retaining CARES Act monies, the Defendant subjected the Plaintiff to adverse employment action, to wit: his termination.

## COUNT I – VIOLATION OF VIOLATION OF 31 U.S.C. § 3730(h): RETALIATION

19.     Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20.     The Plaintiff, an employee, believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was committing a fraud upon federal government agencies.

21.     Defendant was aware of Plaintiff's disclosure of its alleged misdeeds.

22.     Immediately thereafter, Plaintiff began to receive unsatisfactory performance reviews, reprimands, a hostile work environment, and adverse employment action.

23.     Immediately after objecting to Defendant's misdeeds, Plaintiff began to be subjected to retaliation.

24.     Pursuant to 31 U.S.C. § 3730(h) of the False Claims Act (hereinafter "FCA"), any employee who is discharged, demoted, suspended, threatened, harassed and otherwise discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done under the FCA is entitled to all relief necessary to make the employee whole.

25.     The purpose of the FCA, as explained in the Senate report accompanying the 1986 amendments to the FCA, states that Congress added a retaliation provision to the FCA "to halt companies… from using the threat of economic retaliation to silence 'whistleblowers'" and to "assure those who may be considering exposing fraud that they are legally protected from retaliatory acts." S. Rep. No. 99-345, at 34 (1986), U.S. Code Cong. & Admin News 1986, at 5266, 5299.

26.     Defendant began its negative employment actions against Plaintiff and ultimately did discharge him from his position for reasons contrary to public policy, as set out in 31 U.S.C. § 3730(h) and without just cause.

27.     Defendant, in discharging, suspending, demoting, threatening, disciplining and harassing Plaintiff in and from his employment, retaliated and discriminated against him because of complaints and concerns raised by him to Defendant.

28. The acts of Defendant in demoting, suspending, threatening, disciplining, harassing, discriminating, and retaliating against Plaintiff, including but not limited to the wrongful discharge of employment, adverse employment actions, denial of true and correct performance appraisals, demotion and termination of Plaintiff by Defendant violated the provisions of 31 U.S.C. § 3730(h).

29. Following Plaintiff's objection to Defendant's misappropriation and illegal retention of federal funds, Defendant has discriminated, suspended, demoted, threatened, disciplined, harassed and retaliated against Plaintiff for lawful conduct protected under the FCA.

30. Defendant has terminated, discharged, suspended, threatened, disciplined, harassed, and discriminated against Plaintiff in his employment in violation of 31 U.S.C. § 3730(h).

31. Defendant has discriminated and retaliated against Plaintiff for lawful and protected conduct in connection with his investigation for, initiation of, testimony, potential testimony concerning, and assistance in an action filed or to be filed under the FCA, 31 U.S.C. § 3729 et seq.

32. Plaintiff's conduct, including but not limited to investigating Defendant's misappropriation and retention of federal funds, and also raising complaints concerning same and bearing witness to violations of same, potential testimony concerning, potential initiation of and assistance in an action filed or

6

potentially to be filed pertaining to the FCA, is all protected conduct under the FCA.

33.     Defendant knew that Plaintiff was engaged in protected conduct as referenced herein.

34.     Defendant discharged, terminated, demoted, suspended, threatened, disciplined and harassed Plaintiff from his employment and after his employment, and otherwise discriminated against him because of his protected conduct.

35.     Plaintiff is entitled to all relief necessary to make him whole, including reinstatement with the same seniority status that he would have had but for the discrimination and two times the amount of back pay.

36.     Plaintiff, pursuant to 31 U.S.C. § 3730(h), is entitled to litigation costs and all reasonable attorneys' fees incurred in connection with this action.

37.     As a direct and proximate result of the violations of 31 U.S.C. § 3730(h) as referenced and cited herein, Plaintiff has lost all the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech protected by the FCA;

7

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Double back pay;

iv.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi.     Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

vii.    Reasonable attorney's fees plus costs;

viii.   Compensatory damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (PWA)

38.     Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

39.     At all material times, Plaintiff was an employee and the Defendant was his employer covered by and within the meaning of the PWA.

40.     Plaintiff was qualified for the position that he held with the Defendant.

41.     Plaintiff did engage in statutorily protected activity.

42.     Plaintiff did make several disclosures of the Defendant's violations of law to the Defendant.

43.     Plaintiff did suffer adverse employment action, which is causally linked to his engagement in statutorily protected activity.

44.     Plaintiff's complaints and disclosures constitute a protected activity because his complaints and disclosures were concerning an unlawful activity of the Defendant.

45.     Said protected activity was the proximate cause of the Defendant's negative employment actions against Plaintiff, which included Plaintiff's termination.

46.     Instead of investigating Plaintiff's complaints and lauding his honest reporting of violations of law, the Defendant retaliated against the Plaintiff by terminating his employment.

47.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

48.     As a direct and proximate result of the violations of the PWA, as referenced and cited herein, Plaintiff has lost all of the benefits and privileges of

his employment and has been substantially and significantly injured in his career path.

49.     As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole as provided for under the PWA.

50.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.       Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.      Temporary reinstatement under F.S. §112.3187(9)(f);

vii.     Reasonable attorney's fees plus costs;

viii.    Compensatory damages, and;

ix.      Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: September 30, 2021      **/s/ Benjamin H. Yormak_____**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Lead Counsel for Plaintiff
                               YORMAK EMPLOYMENT & DISABILITY LAW
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com